The COUNTY OF BURLESON, Floy Stephens, County Tax Assessor–Collector, Snook Independent School District and Tim Junek, Snook Independent School District Tax Assessor–Collector, Appellants,

v.

GENERAL ELECTRIC CAPITAL CORPORATION, Appellee.

No. A14–91–00709–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1992.

Rehearing Denied May 28, 1992.

Kirk Swinney, Austin, for appellants.

Robert David Fritsche, Adam Poncio, San Antonio, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This appeal arises from appellants' seizure and summary sale, under a tax warrant, of a mobile home on which General Electric Capital Corporation [GECC] held a lien. Following the jury's verdict that appellants did not comply with the statutory requirement to make a reasonable inquiry to find and notify persons with an interest in the property before selling it, the trial court held appellants had violated GECC's rights under the Texas and United States constitutions and entered judgment for GECC for $10,000, the fair market value of the lost property. Because the peculiar facts presented by this case establish that appellants deprived GECC of a valid property interest with no notice, or any viable means of compensation, we affirm.

■ Because appellants challenge the legal and factual sufficiency of the evidence supporting the judgment, we begin by outlining the standard by which we review the record. Since both legal and factual sufficiency points are raised, we first examine the legal sufficiency of the evidence. In reviewing the record, we consider only the evidence and inferences that tend to support the jury's finding and trial court's judgment, and disregard evidence and inferences to the contrary. *King v. Bauer,* 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative value to support the finding, we must uphold the jury's finding and overrule the point of error. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ If the finding is supported by legally sufficient evidence, we then weigh and consider all the evidence, both that in support of and that contrary to the challenged finding. The jury's finding must be upheld unless it is so against the great weight and preponderance of the evidence

as to be manifestly unjust or erroneous. *Pool v. Ford Motor,* 715 S.W.2d 629, 635 (Tex.1986). We may not substitute our opinion for that of the trier of fact merely because we might have reached a different conclusion. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 896 (1951); *Thompson v. Wooten,* 650 S.W.2d 499, 501 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, the jury as trier of the facts is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Additionally, since no timely request for findings of fact on any omitted elements was made, if there is factually sufficient evidence to support them, they must be deemed found in support of the judgment. TEX.R.CIV.P. 279.

■ In 1981, Bobby and Diane Blair purchased a 1981 model Redman mobile home with the serial number 12506615. The purchase was financed by General Electric Credit Corporation. Title information was recorded and GECC perfected its lien with the Department of Licensing and Regulation in compliance with TEX.REV.CIV.STAT. ANN. art. 5221f (Vernon 1987 & Supp.1992). General Electric Credit later changed its name to General Electric Capital Corporation, but continued to identify itself and operate under the acronym GECC.

The Blairs apparently abandoned the mobile home, and failed to pay the 1987–88 taxes on it. In the fall of 1988, appellants decided to seize the mobile home under a tax warrant and to conduct a summary sale, in accordance with TEX.TAX CODE ANN. §§ 33.21–.25 (Vernon 1983 & Supp.1992).

In their first two points of error, appellants contend that the trial court erred in finding that utilization of section 33.25 extinguished GECC's lien. However, the trial court made no such finding. Appellants correctly assert that a summary sale properly conducted under sections 33.21–.25 would not have violated appellee's due process rights. *See, Shaw v. Phillips Crane & Rigging,* 636 S.W.2d 186 (Tex. 1982), *appeal dismissed,* 459 U.S. 1191, 103 S.Ct. 1169, 75 L.Ed.2d 422 (finding prede-

cessor statute was constitutional). But Texas courts, while recognizing their benefit to the public, disfavor summary sales; and recognizing their harshness, have always required the taxing authorities to strictly comply with the statutory requirements. It has been the uniform policy of the courts of Texas to construe such statutes strictly, and require scrupulous observance of their every requirement. *Amaimo v. Carter*, 212 S.W.2d 950, 956 (Tex.Civ.App.—Beaumont 1948, writ ref'd n.r.e.), *citing City of Henrietta v. Eustis*, 87 Tex. 14, 26 S.W. 619, 620 (1894). "Not only must each thing prescribed by law be done in advance, and at the time, of the exercise of the power to sell, but it must be done exactly as prescribed." *Brown v. Bonougli*, 111 Tex. 275, 232 S.W. 490, 491 (1921). The jury found that appellants did not meet their statutory requirements.

Section 33.25 of the tax code states that "[a]fter a seizure of personal property, the collector shall make a reasonable inquiry to determine the identity and address of any person having an interest in the property other than the person against whom the tax warrant is issued", and deliver as soon as possible a written notice stating the time and place of the sale. When asked whether appellants made a reasonable inquiry as required by the statute, the jury answered, "No".

Appellants contacted Bobby Blair. Blair told them he didn't care what they did with the mobile home, but that he had been making payments to General Electric in Houston. Appellants did not ask Blair for any information on GECC. They did not even simply asked for the address to which he mailed his payments. Appellants' only attempt to contact GECC was to call directory assistance for Houston and ask if there was a listing for General Electric Credit; when given a negative answer appellants made no further effort to contact GECC. No notice of the sale was ever sent to GECC.

Appellants did not find GECC's address through the Department of Licensing and Regulation, because they never inquired about the correct serial number. Appel-

lants' witnesses admitted there was confusion about the mobile home's serial number. Although the serial number of a mobile home is printed or embossed in several locations on the mobile home, appellants checked only the plate located on the front. Appellants' exhibit establishes that the front plate should have put them on notice that the serial number ended in either a five or a six; both numbers are visible, one atop the other. Appellants did not confirm the number by looking elsewhere in the mobile home, and requested information from the Department of Licensing and Regulation on only a 1983 model, serial number 1206616.

The Department of Licensing and Regulation notified appellants that there was no record of any mobile home with the serial number 1206616. The department's response also informed appellants that their "records show[ed] that Redman Homes with numbers similar to the one [appellants] provided were manufactured in 1981", and listed names and numbers to contact for further assistance. Although appellants were aware that GECC had an interest in the mobile home, and that the serial number could end in a five rather than a six, they made no follow-up call. The jury likely believed that, if they had they made such a call, they would have found the properly recorded title and lien.

At the summary sale, appellants sold the mobile home to Charles Kokemoor. The bill of sale issued to Kokemoor describes the trailer as a 1983 mobile home, serial number 12506616. Kokemoor later traded the mobile home to Thomas Homes of Texas, which has since sold it to another party.

■ Appellants argue that GECC's lien is still valid; that GECC suffered no damage as a result of the seizure and summary sale of the mobile home, and that GECC's remedy is to pursue its lien against the current owner. They assert the tax warrant sale is "in the same nature as an execution upon an ordinary judgment", and thus the prior lien is enforceable.

■ The purchaser of property sold under execution is considered to be an innocent purchaser without notice, if the pur-

chaser would have been considered an innocent purchase without notice had the sale been made voluntarily and in person by the defendant. TEX.CIV.PRAC. & REM.CODE ANN. § 34.046 (Vernon 1986). A purchaser at an execution sale stands on the same basis as he would had he purchased the property at a voluntary sale by the owner. *Lissner v. State Mortgage Corporation,* 29 S.W.2d 849, 853 (Tex.Civ.App.—San Antonio 1930, writ dism'd) (interpreting predecessor statute to section 34.046). In other words, if Kokemoor would have been a bona fide purchaser in a private sale, he was a bona fide purchaser at the tax warrant sale.

 A bona fide purchaser is one who buys property in good faith for valuable consideration, and without knowledge, actual or imputed, of outstanding claims in a third party or parties. *Thompson v. Apollo Paint & Body Shop,* 768 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Kokemoor and the subsequent purchasers had no actual notice of GECC's lien; nor can they be considered to have had constructive notice under TEX. REV.CIV.STAT.ANN. art. 5221f, § 19(k) (Vernon 1987).[1] Appellants incorrectly listed the mobile home for sale, and described it on Kokemoor's bill of sale, as a 1983 model home with the serial number 12506616. The Department of Licensing and Regulation had no liens recorded on such a trailer; the purchasers cannot be charged with constructive notice to defeat their bona fide purchaser status.

 Additionally, GECC could not defeat the purchasers' claim of title in an action against them by asserting its lack of notice from the taxing authorities. Section 33.25 of the tax code specifically provides that "[f]ailure to send or receive the notice provided by this section does not affect the validity of the sale or title to the seized property." TEX.TAX CODE ANN. § 33.25(b) (Vernon 1982).

Since Kokemoor and all subsequent purchases are bona fide purchasers, GECC rights under the lien are cut off. *Thomp-son v. Apollo Paint & Body Shop,* 768 S.W.2d at 377; TEX.BUS. & COM.CODE ANN. § 9.307 (Vernon 1991); TEX.BUS. & COM.CODE ANN. § 2.402 (Vernon 1968).

 Appellant argued, without citing authority, that there can be no bona fide purchaser of a mobile home. The previously cited cased and statutes indicate otherwise. In fact even a tax lien is unenforceable against the purchaser of mobile home who does not have at least constructive notice of the lien. TEX.TAX CODE ANN. § 32.03 (Vernon Supp.1992).

Since GECC had no notice of the sale as the legislature intended, and thus no opportunity to protect its interest, the trial court properly held appellants' actions violated GECC's rights. Points of error one and two are overruled.

Appellants argument in points of error three through six, that GECC suffered no damage, is based solely on their theory that GECC's lien was unimpaired by the tax warrant sale and that it is free to foreclose on the lien. As our previous discussion illustrates, GECC's lien is not enforceable. By failing to make a reasonable inquiry to discover GECC's address and notify it of the impending sale as required by the statute, appellants' denied GECC any opportunity to protect its interest in the property. Texas has long recognized that one can recover damages by proof that it was inflicted with special injury such as will "practically deprive [it] of the ordinary use and enjoyment" of its property. *G., E. & Santa Fe R.R. Co. v. Eddins,* 60 Tex. 656, 663 (1884). Appellants' actions have damaged GECC and deprived it of a valuable property interest without due process or compensation. Points of error three through six are overruled

 Appellants also contend, in points ten and eleven, that even if GECC's lien is unenforceable as a result of their summary sale, there was no taking cognizable under Article I, section 17 of the Texas Constitution. The Texas Constitution provides in

---

1. The statute reads in pertinent part: "registration and recordation of a lien with the depart-

ment is notice to all persons that the lien exists."

pertinent part: "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17. While the State has the right to take, damage or destroy private property for public use, that power is subject to the right of the owner to adequate compensation for the taking, damaging or destruction. *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731, 734 (1941).

▪ Appellants begin by arguing that there is no evidence to indicate that they "acceded to the rights claimed by [GECC]". However, the government's duty to compensate for damaging property for public use, after 1876, is not dependent upon the transfer of property rights; substantial deprivation of benefits or use is sufficient. *Steele v. City of Houston*, 603 S.W.2d 786, 790 (Tex.1980), *citing Eddins*, 60 Tex. at 663.

▪ Appellants next assert that GECC cannot recover since appellants were at most merely negligent. Appellants misinterpret the holding in *Dallas County Flood Control District v. Benson*, 157 Tex. 617, 306 S.W.2d 350 (1957), which relies on *Texas Department of Highways v. Weber*, 147 Tex. 628, 219 S.W.2d 70 (1949). In those cases, the court held the property owner was not entitled to relief under Article I, section 17, because the damage did not result from the authorized, intended government action. In *Benson*, governmental employees were engaged in spraying operations to clear weed and willows from a floodway; the inadvertent damage to an adjacent cotton crop was not incident to the authorized, necessary activity. 306 S.W.2d at 351. In *Weber*, highway department employees were authorized to burn grass along a portion of the road shoulder; the fire spread and damaged a substantial portion of Weber's hay crop. The Texas Supreme Court held, "[t]here was no authorization or necessity for them to cause damage to adjoining property by reason of burning the grass on the shoulders of the highway." 219 S.W.2d at 71. The damage

was not the result of the authorized, necessary activity. *Id.*

Appellants admit the summary sale was conducted under the authority of section 33.25 to recover the amount of back taxes owed by the Blairs. They intended to, and did, sell the mobile home to recoup the money for public use. Unlike the cases on which they rely, the damage to GECC was the direct result of the authorized, and necessary government action. *Accord, Steele*, 603 S.W.2d at 791 (holding that destruction of plaintiff's house by police in effort to apprehend escaped convicts may have been necessary exercise of police power, but that innocent third parties are entitled by the Texas Constitution to compensation for their property). The broad language of Article I, section 17, was intended to provide Texas citizens protection from just this sort of arbitrary government activity. Points of error ten and eleven are overruled.

▪ In points of error eight and thirteen, appellants contend that the doctrine of sovereign immunity bars any recovery against them. GECC established a lawful cause of action under Article I, section 17 of the Texas Constitution. "The Constitution itself is the authorization for compensation for the taking, damaging or destruction of property for public use." *Steele*, 603 S.W.2d at 791. Sovereign immunity provides no shield for appellants in this case. Points of error eight and thirteen are overruled.

▪ In its seventh point of error, appellants allege the trial court erred by refusing to submit their requested issue to the jury. Failure to submit a question shall not be deemed a ground for reversal unless it was requested in writing in substantially correct wording. TEX.R.CIV.P. 278. Appellants' requested issue asked whether "they intended to deprive [GECC] of any interest it may have held in the mobile home." To recover under Article I, section 17, GECC had only to prove that appellants intended to sell the mobile home to collect back taxes, and that that action deprived it of its interest in the property. *See, Steele*, 603 S.W.2d at 791–92; *Hale*,

146 S.W.2d at 736–37. Since appellants' requested issue was not submitted in substantially correct wording, the trial court properly refused to submit it to the jury. We also note that appellants made no other objection to the charge. Point of error seven is overruled.

■ Appellant's ninth point of error asserts that the trial court erred by finding appellants had violated GECC's due process rights under Article 1, section 17, "because there is no such thing" under that section. Minimal due process requirements have always been applied to summary tax proceedings. *See, Shaw*, 636 S.W.2d at 187–188. The legislature mandated in section 33.25 of the Tax Code that taxing authorities make at least a reasonable effort to locate and notify interest holders before property is disposed of at a summary sale. The jury found appellants had not done so. Additionally, since GECC was entitled to compensation for the taking of its property regardless of any due process violation, any error involved is harmless. Appellant's ninth point of error is overruled.

Point of error twelve complains the trial court erred "in imposing damages in favor of Appellees because there is no evidence or … insufficient evidence that appellants committed the tort of conversion against Appellees." The trial court's judgment was not based on a finding of conversion. Appellants point is without merit and is overruled.

We affirm the judgment of the trial court.