Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB















Opinion
issued December 21, 2006










 

 

 

 






 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00993-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LUPE VILLARREAL, Appellant

 

V.

 

HARRIS COUNTY, TEXAS; PAUL BETTENCOURT, TAX-ASSESSOR
COLLECTOR FOR HARRIS COUNTY, TEXAS; HOUSTON INDEPENDENT SCHOOL DISTRICT; CITY
OF HOUSTON; AND LINEBARGER, GOGGAN, BLAIR & SAMPSON, L.L.P., Appellees

 

 



On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 2004-27229

 








 



O P I N I O N

 

          Lupe
Villarreal appeals a trial court order granting Harris County’s, Paul
Bettencourt’s (collectively, “Harris County”), the City of Houston’s, Houston
Independent School District’s, and Linebarger, Goggan, Blair & Sampson,
L.L.P.’s (collectively, the “City of Houston”) pleas to the jurisdiction.  Villarreal contends the trial court erred: (1)
in granting the jurisdictional pleas because Villarreal’s article I, section 17
“takings” claim is not an inverse condemnation claim involving the government’s
use of eminent domain power, (2) in granting the pleas because the Harris
County Civil Courts at Law do not have exclusive jurisdiction over all alleged
violations of article I, section 17, (3) in granting Harris County’s plea
because Villarreal’s home was taken for a public use without just compensation
in violation of article I, section 17 of the Texas Constitution, and (4) in
granting Harris County’s plea because, although the Texas Tort Claims Act does
not apply in this case to waive the governmental immunity of Harris County,
Villarreal has pleaded other grounds for waiver.  See
Tex. Const. art. I, § 17.  We conclude that Villarreal’s
pleadings state a cause of action for inverse condemnation and the trial court properly
granted the jurisdictional pleas because the Harris County Civil Courts at Law
have exclusive jurisdiction over Villarreal’s article I, section 17 claim pursuant
to Texas Government Code section 25.1032(c).  Id.;
Tex. Gov’t Code Ann. § 25.1032(c)
(Vernon 2004).  We therefore affirm.


 

Background

          In
October 2001, Linebarger, Goggan, Blair & Sampson, L.L.P. filed a tax suit
against Villarreal on behalf of Harris County, Houston Independent School
District, the City of Houston, the Harris County Education Department, the Port
of Houston, the Harris County Flood Control District, and Houston Community
College (collectively, the “taxing jurisdictions”) to collect delinquent taxes
on Villarreal’s home.  The court awarded
the taxing jurisdictions a judgment against Villarreal for the delinquent taxes
and ordered the sale of Villarreal’s home to satisfy the judgment.  Villarreal then obtained a tax loan from CGI
Financial, Inc. (“CGI”).  CGI paid the
amount due under the judgment to the taxing jurisdictions before the scheduled
date of the tax sale, thereby extinguishing the debt.  The taxing jurisdictions nevertheless
proceeded with the tax sale eight days later and sold Villarreal’s home to a
private entity, which subsequently evicted Villarreal.  The taxing jurisdictions applied $15,158.15 of
the sale proceeds to satisfy the judgment, and deposited the remainder of
$25,941.85 into the registry of the court. 
The taxing jurisdictions later returned the money they had received from
CGI.

          Villarreal
then brought this action against Harris County and the City of Houston in the
281st District Court of Harris County, alleging that (1) the tax sale violated
article I, section 17 of the Texas Constitution because Harris County and the
City of Houston took Villarreal’s property for a public use without providing
just compensation, (2) the tax sale violated the Fifth and Fourteenth
Amendments to the United States Constitution because Harris County and the City
of Houston took Villarreal’s property for a public use without providing just
compensation, and without providing due process of law, and (3) the tax sale
violated Villarreal’s civil rights under 42 U.S.C. § 1983.  U.S. Const. amends. V, XIV; Tex. Const. art. I, § 17; 42 U.S.C. §
1983 (2000).  Harris County filed a plea
to the jurisdiction contending that (1) the Harris County District Court lacks
jurisdiction over the article I, section 17 claim because the Harris County
Civil Courts at Law have exclusive jurisdiction over eminent domain
proceedings, including inverse condemnation claims, regardless of the amount in
controversy, (2) Villarreal’s article I, section 17 claim is barred by the
doctrine of governmental immunity because Villarreal’s property was not taken
for public use, but was sold to a private entity for private use, and (3)
Villarreal’s article I, section 17 claim is barred by the doctrine of
governmental immunity because the Texas Tort Claims Act does not provide a
waiver of governmental immunity for a claim arising in connection with the
assessment or collection of taxes by a governmental unit.  The City of Houston also filed a plea to the jurisdiction,
contending that the Harris County District Court lacks jurisdiction over the
article I, section 17 claim because the Harris County Civil Courts at Law have
exclusive jurisdiction over eminent domain proceedings, including inverse
condemnation claims, regardless of the amount in controversy.  

The trial court granted Harris County’s
and the City of Houston’s
pleas to the jurisdiction.  Villarreal
brings this interlocutory appeal of the trial court’s order pursuant to Texas
Civil Practice and Remedies Code section 51.014(a)(8).  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006).   

Plea to the Jurisdiction

A plea to the jurisdiction is a
dilatory plea that seeks dismissal of a case for lack of subject matter
jurisdiction.  Harris County
v. Sykes, 136 S.W.3d 635, 638 (Tex.
2004).  We review a trial court’s ruling
on a plea to the jurisdiction de novo because the question of whether a court
has subject matter jurisdiction is a matter of law.  Hoff v.
Nueces County,
153 S.W.3d 45, 48 (Tex. 2004); Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex.
2004).  Governmental immunity from suit
defeats a trial court’s subject matter jurisdiction and thus is properly
asserted in a plea to the jurisdiction.[1] 
Miranda, 133 S.W.3d at 225–26. 
When a plea to the jurisdiction challenges the pleadings, we determine
if the pleader has alleged facts that affirmatively demonstrate the court’s
jurisdiction to hear the cause.  Id.  We construe the pleadings liberally in favor
of the plaintiff and look to the pleader’s intent.  Id.  If the pleadings do not contain sufficient
facts to demonstrate affirmatively the trial court’s jurisdiction, but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency, and the trial court should afford the plaintiff an
opportunity to amend.  Id.
at 226–27.  If the pleadings
affirmatively negate the existence of jurisdiction, then the trial court may
grant a plea to the jurisdiction without allowing the plaintiff an opportunity
to amend.  Id.
at 227.   

In this case, the trial court did not
state the grounds upon which it granted Harris
County’s and the City of Houston’s pleas to the
jurisdiction.  As required, Villarreal
has attacked all independent grounds that fully support the adverse
ruling.  See Britton v. Tex. Dep’t of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  We will
sustain the trial court’s order granting the pleas to the jurisdiction if any
ground alleged by Harris County and the City of Houston is meritorious.

Inverse Condemnation

Villarreal first contends that the
trial court erred in granting Harris County’s and the City of Houston’s pleas
to the jurisdiction because Villarreal’s article I, section 17 takings claim is
not an inverse condemnation claim, and therefore not subject to Texas
Government Code section 25.1032(c).  See Tex.
Gov’t Code Ann. § 25.1032(c). 
Texas Government Code section 25.1032(c) provides: “A county
civil court at law has exclusive jurisdiction in Harris County
of eminent domain proceedings, both statutory and inverse, regardless of the
amount in controversy.”  Id.  Harris
County and the City of Houston respond that Villarreal’s
article I, section 17 claim is an inverse condemnation claim as a matter of law.  

A municipality exercises its power of eminent
domain through the process referred to as condemnation.  City of Houston v. Boyle, 148 S.W.3d 171, 178 (Tex.
App.—Houston
[1st Dist.] 2004, no pet.).  Condemnation is the procedure by which the
sovereign exercises its right to take property of a private owner for public
use, without consent, upon the payment of just compensation.  Id.; A.C. Aukerman Co. v. State, 902 S.W.2d 576,
577 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  “Inverse condemnation occurs when (1) a
property owner seeks (2) compensation for (3) property taken for public use (4)
without process or a proper condemnation proceeding.”  Boyle, 148 S.W.3d at 178; A.C.
Aukerman Co., 902
S.W.2d at 577.

A landowner whose property has been taken,
damaged, destroyed for, or applied to public use without adequate compensation
may bring an inverse condemnation claim pursuant to article I, section 17 of
the Texas Constitution.  Boyle, 148 S.W.3d at 177.  The
constitution provides in part, “No person’s property shall be taken, damaged or
destroyed for or applied to public use without adequate compensation being
made, unless by the consent of such person . . . .”  Tex. Const.
art. I, § 17; Boyle, 148
S.W.3d at 177; Tex.
Parks & Wildlife Dep’t v. Callaway, 971 S.W.2d 145, 148
(Tex. App.—Austin 1998, no pet.) (“An ‘inverse condemnation’ proceeding is the
avenue of relief available when property has been taken or damaged for public
use without compensation or a proper condemnation proceeding, and the property
owner wishes to recover compensation for his loss.”).  The Texas Constitution therefore waives
governmental immunity from suit and liability “for the taking, damaging or
destruction of property for public use.” 
Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980); Boyle, 148 S.W.3d at 177.  “To demonstrate that a constitutional inverse
condemnation has occurred, the landowner must show that (1) the State intentionally
performed certain acts in the exercise of its lawful authority (2) that
resulted in a ‘taking’ of property (3) for public use.”[2]  Boyle, 148 S.W.3d at 177; see
also Steele, 603 S.W.2d at 791–92; City of Houston v. Northwood Mun. Util. Dist.
No. 1, 73 S.W.3d 304, 308
(Tex. App.—Houston
[1st Dist.] 2001, pet. denied). 


Villarreal notes that courts
have allowed article I, section 17 takings claims when the government entity apparently
used its taxing power to complete the taking. 
See Tex. Workforce Comm’n v.
Midfirst Bank, 40 S.W.3d 690, 697 (Tex. App.—Austin 2001, pet. denied)
(holding that state agency’s withholding of funds pursuant to its taxing power
that were subject to private party’s perfected security interest constituted taking
under article I, section 17); County of
Burleson v. Gen. Elec. Capital Corp., 831 S.W.2d 54, 60 (Tex. App.—Houston
[14th Dist.] 1992, writ denied) (allowing article I, section 17 takings claim
when taxing authority illegally sold mobile home in which plaintiff had security
interest). 

In Midfirst Bank, the Texas Workforce Commission (“TWC”) obtained a
judgment against Reliance for unpaid unemployment taxes.  40 S.W.3d at 693.  TWC used this judgment to levy receivables owned
by Reliance.  Id.  Midfirst Bank, however, had a perfected
security interest in the receivables.  Id.
at 692.  TWC destroyed Midfirst’s
security interest when it wrongfully levied the receivables without discovering
the security interest.  Id.
at 694.  Midfirst brought a takings claim
against TWC under article I, section 17. 
Id. 
The trial court found that a taking had occurred and awarded
damages.  Id.  The appellate court agreed and affirmed,
holding that Midfirst could bring an article I, section 17 claim even though it
appeared as though TWC used its taxing power to accomplish the taking instead
of its eminent domain power.  Id.
at 694–98.

In General Electric, Burleson
 County, pursuant to its
power of taxation, seized and sold a mobile home under a tax warrant because
the owners had failed to pay taxes assessed on the home.  831 S.W.2d at 57–58.  The County, however, did not adhere to the
statutory requirements for conducting a summary sale.  Id. at
59.  The plaintiff, General Electric
Capital Corporation, had a lien on the mobile home, which the improper sale
extinguished.  Id.  General Electric sued the County alleging
that the improper sale of the mobile home pursuant to the County’s taxing
authority constituted a taking under article I, section 17.  Id. at
59–60.  The appellate court agreed and
affirmed the judgment of the trial court awarding General Electric damages
under article I, section 17.[3]  Id. at 61.

Villarreal contends that Midfirst Bank and General Electric
demonstrate that a plaintiff can maintain a cause of action under article I,
section 17 if the government uses its taxing power to complete a taking, and
this differs from its eminent domain power. 
Villarreal therefore asserts that not all claims brought under article
I, section 17 are “inverse condemnation” claims involving the government’s
exercise of eminent domain power, and thus, Texas Government Code section 25.1032(c)
does not mandate a plaintiff to bring a takings claim involving the improper
use of taxing power in a Harris County Civil Court at Law because such a claim
does not involve eminent domain power.  See Tex. Gov’t Code Ann. § 25.1032(c).

 

 

Analysis

Article I, section 17 does
not grant any powers to the government, but instead limits the inherent
sovereign power of eminent domain by imposing the requirements that the government
take property only for “public use” and pay “adequate compensation” when doing
so.  See Tex. Const. art. I, § 17; Whittington v. City of Austin, 174
S.W.3d 889, 896 (Tex. App.—Austin 2005, pet. denied); McInnis v. Brown County Water Improvement Dist. No. 1, 41 S.W.2d
741, 744 (Tex. Civ. App.—Austin 1931, writ ref’d).  “‘Eminent domain’ refers to ‘[t]he power to
take private property for public use by the state, municipalities, and private
persons or corporations authorized to exercise functions of state power.’”  Taub v. Aquila Sw. Pipeline Corp., 93 S.W.3d 451, 456 (Tex. App.—Houston
[14th Dist.] 2002, no pet.) (alteration in original) (quoting Black’s Law Dictionary 523 (6th ed.
1990)).  If Villarreal is to recover for
the alleged taking in this case, however, the only provision of the constitution
that provides a remedy is article I, section 17.  See
Tex.
Const.
art. I, § 17; Whittington, 174 S.W.3d
at 896; McInnis, 41 S.W.2d at 744.  If the government properly uses its taxing
power to take private property, the owner of the property has no remedy and
article I, section 17 does not apply.  See Rylander v. Palais Royal, Inc., 81
S.W.3d 909, 915 (Tex. App.—Austin 2002, pet. denied) (“The State has the
authority to levy and collect taxes in a rational and legitimate manner.  The exercise of that authority here does not
amount to a taking.”).  In contrast, if
the government improperly uses its taxing power to take private property for
public use, then an article I, section 17 taking has occurred and the owner may
recover in a takings action.  See Midfirst Bank, 40 S.W.3d at 697; Gen. Elec.,
831 S.W.2d at 60.  An improper use of
taxing power is therefore not a use of taxing power at all, but instead a
condemnation and a use of eminent domain power.  We hold that the improper use of taxing power to
accomplish a taking of real property is a use of eminent domain power, and
thus, jurisdiction over any claim that alleges such rests exclusively in the
Harris County Civil Courts at Law.[4]  See Tex. Gov’t
Code Ann. § 25.1032(c).

Villarreal’s pleadings
allege that Harris County and the City of Houston improperly used their taxing power to
take her property for public use.  Villarreal’s
pleadings therefore state a cause of action for inverse condemnation and the
trial court did not err in granting Harris County’s and the City of Houston’s
pleas to the jurisdiction.  The district
court does not have jurisdiction over Villarreal’s article I, section 17 claim pursuant
to Texas Government Code section 25.1032(c). 
Id.  Because the trial
court had a meritorious ground upon which to grant Harris
County’s and the City of Houston’s pleas to the
jurisdiction, we need not address Villarreal’s remaining issues.

Conclusion

We hold that Villarreal’s
pleadings state a cause of action for inverse condemnation.  Harris County Civil Courts at Law have exclusive
jurisdiction over all article I, section 17 claims pursuant to section
25.1032(c) of the Texas Government Code.  See id.;
Kerr v. Harris
County, 177 S.W.3d 290, 294 (Tex. App.—Houston
[1st Dist.] 2005, no pet.); Boyle,
148 S.W.3d at 178–79.  The
trial court properly granted Harris County’s and the City of Houston’s jurisdictional pleas, and we therefore
affirm the order of the trial court.    

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] As the Texas Supreme Court
has observed, (1) sovereign immunity refers to the State’s immunity from suit
and liability and protects the State and its divisions, and (2) governmental
immunity protects political subdivisions of the State, including counties,
cities, and school districts.  Wichita
Falls State Hosp. v. Taylor,
106 S.W.3d 692, 694 n.3 (Tex.
2003).  

 





[2] This is the standard for all takings claims under
article I, section 17.  See State v. Hale, 136 Tex.
29, 35–36, 146 S.W.2d 731, 736 (1941); Kerr v. Tex. Dep’t of Transp., 45
S.W.3d 248, 250–51 (Tex. App.—Houston [1st Dist.] 2001,
no pet.).





[3] Villarreal also contends that Steele v. City of Houston supports her argument in this case.  603 S.W.2d 786, 789 (Tex. 1980). 
Steele involved police officers who intentionally set fire to
Steele’s house to flush out escaped prisoners.  Id.  At one point in the
opinion, the court discussed the fact that “[t]he taking, the damaging, or the
destruction of property are often treated, more or less, as synonyms, but the
terms are different and have different historical origins.”  Id.  The court also recognized that article I,
section 17 encompasses the taking, damaging, and destruction of property.  Id. at 791. 
The court then expressly stated, “Neither
the parties nor the courts below have regarded this case as one of eminent
domain or inverse condemnation.  Neither
have we.”  Id. at 789.  The court ultimately held
that the government’s duty to pay for taking property rights is not excused by
labeling the taking as an exercise of police powers.  Id. at 793.  The court never explained
why the case was not regarded as one of eminent domain or inverse condemnation,
and did not discuss eminent domain or inverse condemnation any further.  Steele
is therefore not controlling in this case. 
After the Steele decision, the Texas Supreme Court recognized that
a plaintiff can bring an inverse condemnation claim when the government has
taken, damaged, or destroyed her property in violation of article I, section
17.  See
Tarrant Reg’l Water Dist. v. Gragg, 151
S.W.3d 546, 554 (Tex.
2004) (“A physical
taking may occur when the government physically appropriates or invades private
property, or unreasonably interferes with the landowner’s right to use and
enjoy it.  When the government takes
private property without first paying for it, the owner may recover damages for
inverse condemnation.” (citation
omitted)); City of Dallas
v. Jennings, 142 S.W.3d 310, 313 n.2 (Tex. 2004) (noting that “taking,”
“damaging,” and “destruction” of one’s property are three distinct claims
arising under article I, section 17, but term “taking” has become used as
shorthand to refer to all three types of claims).

 





[4] We
further note that this court has applied Government Code section 25.1032(c) to
alleged non-negligent nuisance claims that, like the alleged improper use of
taxing power here, resulted in a taking as well.  See
Kerr v. Harris County,
177 S.W.3d 290, 294 (Tex. App.—Houston [1st Dist.] 2005, no pet.); City of Houston v. Boyle, 148
S.W.3d 171, 177–79 (Tex. App.—Houston [1st Dist.] 2004,
no pet.).