ACCEPTED
08-21-00208-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
1/23/2023 9:47 PM
ELIZABETH G. FLORES
CLERK

No. 08-21-00208-CV

IN THE COURT OF APPEALS FOR THE EIGHTH DISTRICT
EL PASO, TEXAS

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
1/23/2023 9:47:52 PM
ELIZABETH G. FLORES
Clerk

**ATI JET SALES, LLC**

*Appellant,*

**v.**

**CITY OF EL PASO, TEXAS AND MARIA O. PASILLAS, TAX ASSESSOR-COLLECTOR, CITY OF EL PASO**

*Appellees.*

Appeal from the County Court at Law No. 6 of El Paso County, Texas
Cause No. 2021DCV1168
The Honorable M. Sue Kurita Presiding

**REPLY BRIEF OF APPELLANT ATI JET SALES, LLC**

Kory Ryan
Texas Bar No. 24068065
Brittany E. Dumas
Texas Bar No. 24101713
RYAN LAW FIRM, PLLC
13155 Noel Road, Suite 1850
Dallas, Texas 75240
Tel: (972) 250-6363
Fax: (972) 250-3599

Counsel for ATI Jet Sales, LLC

**ORAL ARGUMENT REQUESTED.**       **September 6, 2022**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................... ii

INDEX OF AUTHORITIES............................................................................ iii

APPELLANT'S REPLY BRIEF .........................................................................1

I.  GOVERNMENTAL IMMUNITY DOES NOT SHIELD THE
    TAXING AUTHORITIES IN THIS CASE AS JET SALES
    PLED A VIABLE TAKINGS CLAIM. ...............................................1

    A.  Texas law requires that the jurisdictional issue be resolved
        liberally in favor of the plaintiff without a review on the
        merits of the cause of action. ...................................................2

    B.  Jet Sales affirmatively demonstrated a viable takings
        claim; thus, dismissal was in error. ..........................................3

    C.  The Taxing Authorities' seizure of the aircraft was not
        lawful as they improperly used their taxing power. ..................5

    D.  Jet Sales properly demonstrated that the seizure was for
        public use. ................................................................................7

    E.  Jet Sales had no adequate remedies in which to recover the
        aircraft. ....................................................................................8

II. GOVERNMENTAL IMMUNITY DOES NOT SHIELD THE
    TAXING AUTHORITIES IN THIS CASE FROM ANY
    ULTRA VIRES ACTS. .....................................................................11

    A.  The Taxing Authorities' argument that the declaratory
        judgment action is moot was not properly raised at the trial
        court. In addition, Exhibit A to the Taxing Authorities'
        Response Brief is evidence not contained within the record
        and should not be admitted into this proceeding. .....................11

CONCLUSION AND PRAYER ........................................................................13

CERTIFICATE OF COMPLIANCE.................................................................14

CERTIFICATE OF SERVICE .........................................................................15

# INDEX OF AUTHORITIES

## Cases

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) ....................................3

*Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665 (Tex. 1981)........................3

*City of Dallas v. Heard*, 252 S.W.3d 98 (Tex. App.—Dallas 2008, pet. denied) ................................................................................. 11, 12

*City of Dallas v. Jennings*, 142 S.W.3d 310 (Tex. 2004) .........................................8

*City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex. 2011) .......................................9

*City of Keller v. Hall*, 433 S.W.3d 708 (Tex. App.—Fort Worth 2014, pet. denied) ................................................................................. 2, 4, 5

*City of Robinson v. Leuscher*, 636 S.W.3d 48 (Tex. App.—Waco 2021, pet. filed) ...............................................................................................8

*City of San Antonio v. Pollock*, 284 S.W.3d 809 (Tex. 2009) .................................8

*City of Webster v. Hunnicutt*, 650 S.W.3d 792 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.) .............................................................. 2, 3, 5

*County of Burleson v. General Electric Capital Corp.*, 831 S.W.2d 54 (Tex. App.—Houston [14th Dist.] 1992, writ denied) .............................................6, 7

*Harris County v. Luna-Prudencio*, 294 S.W.3d 690 (Tex. App.—Houston [1st Dist.] 2009, no pet.) .............................................................................3

*Harris Cty Flood Control Dist. v. Kerr*, 499 S.W.3d 793 (Tex. 2016) ....................1

*Paramount Pipe & Supply Co., Inc. v. Muhr,* 749 S.W.2d 491 (Tex. 1988).............3

*Rylander v. Palais Royal, Inc.,* 81 S.W.3d 909 (Tex. App.—Austin 2002, pet. denied))...............................................................................................6

*Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997) ................................2

*State v. Brownlow*, 319 S.W.3d 649 (Tex. 2010) .....................................................1

*Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162 (Tex. 2013)...................................................2, 4

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) .............3

*Texas Workforce Corp'n v. Midfirst Bank*, 40 S.W.3d 690 (Tex. App.—
Austin 2001, pet. denied) ....................................................................................6

*Villareal v. Harris Co.*, 226 S.W.3d 537 (Tex. App.—Houston [1st Dist.]
2006, no pet.).......................................................................................................6

**Other Authorities**

TEX. TAX CODE § 33.24 ..............................................................................9, 10

TEX. TAX CODE § 41.411 .................................................................................10

TEX. TAX CODE § 41.4115.................................................................................10

TEX. TAX CODE § 41.44......................................................................................10

**Rules**

TEX. R. CIV. P. 45 ..............................................................................................8

TEX. R. CIV. P. 47..............................................................................................8

**APPELLANT'S REPLY BRIEF**

In response to the Taxing Authorities' arguments relating to Jet Sales' takings cause of action and declaratory judgment action presented in their appellate brief, Jet Sales will address each argument in turn. For the reasons explained below, Jet Sales respectfully requests that the Court reverse the trial court's judgment, and remand to the trial court for adjudication on Jet Sales' claims on the merits.

## I. GOVERNMENTAL IMMUNITY DOES NOT SHIELD THE TAXING AUTHORITIES IN THIS CASE AS JET SALES PLED A VIABLE TAKINGS CLAIM.

Governmental immunity, in this case, does not shield the Taxing Authorities for their actions made in contravention of the Takings Clause. Texas case law is clear that "[s]overeign and governmental immunity do not shield the government from liability for compensation under the takings clause. *Harris Cty Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 99 (Tex. 2016); *State v. Brownlow*, 319 S.W.3d 649, 52 (Tex. 2010). As stated in Jet Sales' Appellate Brief, immunity does not bestow carte blanch, blanket authority to a governmental agency or employee. *See* APT Brief at 41. Although the Taxing Authorities were permitted to raise immunity as a defense via a plea to the jurisdiction, that does not guarantee that immunity be found in all instances. Rather, to defeat an immunity claim for purposes of jurisdiction, a plaintiff must demonstrate that there is viable takings claim. *See Tex. Dep't of*

1

*Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 66 (Tex. 2013) (emphasis added).

When determining whether a claim of immunity successfully defeats jurisdiction, the court should determine whether a viable takings claim exists, not whether the Plaintiff established by a preponderance of the evidence that a takings did in fact occurred. *See, e.g., City of Keller v. Hall*, 433 S.W.3d 708, 728 (Tex. App.—Fort Worth 2014, pet. denied). Only in those instances where it is undisputed that there is not a viable takings claim should the plea be granted. *See City of Webster v. Hunnicutt*, 650 S.W.3d 792, 797-98 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.). If the governmental defendant produces evidence to demonstrate as a matter of law that there is not a viable claim, then the court should grant the plea to the jurisdiction. *Ibid*.; *see also A.P.I. Pipe*, 397 S.W.3d at 166.

### A. Texas law requires that the jurisdictional issue be resolved liberally in favor of the plaintiff without a review on the merits of the cause of action.

Texas case law makes clear that when determining a jurisdictional issue, the court should take as true all evidence favorable to the plaintiff and "indulg[e] every reasonable inference and resolv[e] any doubts in [the plaintiff's] favor" for purposes of the jurisdictional question. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997). That is, the court should resolve the issue liberally in favor of conferring

2

jurisdiction. *Harris County v. Luna-Prudencio*, 294 S.W.3d 690, 696 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Not only should the pleading be read favorably in favor of Plaintiff, but Texas Rules of Civil Procedure 45 and 47 require that the original pleading give a short statement of the cause of action sufficient to give the opposing party fair notice of the claim involved. TEX. R. CIV. P. 45, 47; *Paramount Pipe & Supply Co., Inc. v. Muhr,* 749 S.W.2d 491, 494 (Tex. 1988); *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex. 1981). Rule 45 does not require that the plaintiff lay out its evidence that it will rely upon to establish the asserted cause of action. *Muhr,* 749 S.W.2d at 494-95. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). When considering the jurisdictional question, a court should only consider the pleadings and evidence pertinent to make a determination on the jurisdictional inquiry and not the merits of the cause of action. *See City of Webster v. Hunnicutt*, 650 S.W.3d 792, 797-98 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.) (*citing Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

**B.**   **Jet Sales affirmatively demonstrated a viable takings claim; thus, dismissal was in error.**

As stated in Jet Sales' Appellate Brief, Jet Sales pled each element necessary to demonstrate that a takings occurred in this instance. *See* APT Brief at 43-44. The Taxing Authorities allege that (1) there was not a taking as the seizure was lawful; (2) the seizure was not for "public use"; and (3) that Jet Sales failed to avail itself of

3

remedies to recover the aircraft. *See* AEE Brief at 16-30. As further demonstrated below, the Taxing Authorities cannot show as a matter of law that Jet Sales had no viable takings claim.

In response to Jet Sales' argument that it did in fact allege a viable takings claim, the Taxing Authorities misconstrue what is required for jurisdictional purposes. Whether or not Jet Sales would succeed on its takings argument is a question for the trier of fact *See City of Keller v. Hall*, 433 S.W.3d 708, 728 (Tex. App.—Fort Worth 2014, pet. denied). What is required at this jurisdiction juncture, is merely that Jet Sales demonstrated that there was a viable takings claim as discussed *supra*. *See ibid.*

Various Texas courts have examined takings claim cases wherein a defendant alleged that governmental immunity precluded jurisdiction. *See, e.g.*, *Texas Dept. of Transp. v. A.P.I. Pipe & Sup., LLC*, 397 S.W.3d 162, 166 (Tex. 2013). For instance, in *A.P.I. Pipe*, the Supreme Court of Texas found that a takings claim was not viable and therefore the Court found that the trial court lacked jurisdiction. *Ibid.* In that case, however, the Court found that the Plaintiff did not demonstrate an ownership interest in the property taken. *Ibid.* As ownership of the property taken is a fundamental tenant for a takings claim to exist, the Court found that there could not be a viable takings claim. *Ibid.*

In *Hunnicutt*, the Fort Worth Court of Appeals found that the plaintiff did not plead a viable takings claim as well. *See City of Webster v. Hunnicutt*, 650 S.W.3d 792, 797-98 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.). In that case, the plaintiff pled a tort claim against the City. *Ibid.* at 798-800. As a takings claim must be based on intentional actions by the City, the Court found that there was not a viable takings claim. *Ibid.*

In contrast, courts have found that if there is a fact issue surrounding one of the elements of the takings claim, that dismissal of the case on jurisdictional grounds is inappropriate. *See City of Keller v. Hall*, 433 S.W.3d 708, 728 (Tex. App.—Fort Worth 2014, pet. denied). In *Hall*, the Fort Worth Court of Appeals affirmed the trial court's decision wherein it denied the city's plea to the jurisdiction. *Ibid.* In that case, the City argued that there was no subject matter jurisdiction for an inverse condemnation claim as the evidence admitted showed that the City did not know that the actions it took would result in damage to the property—i.e., that the act was not intentional (a requirement of the claim). *See ibid.* at 717. The court ultimately found that there was a factual question concerning the City's knowledge about whether damage would result, which precluded the plea to the jurisdiction. *Ibid.* at 728.

C. **The Taxing Authorities' seizure of the aircraft was not lawful as they improperly used their taxing power.**

The Taxing Authorities allege that because the seizure of the aircraft was lawful, there can be no taking. *See* AEE Brief at 16. In support for this position, the

5

Taxing Authorities cite to *Villareal* for the proposition that when a governmental agency uses its taxing power to take property to collect taxes, that seizure "does not amount to a 'taking' as contemplated by Article I, Section 17 of the Texas Constitution." *See* AEE Brief at 20 *(citing to Villareal v. Harris Co.*, 226 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Rylander v. Palais Royal, Inc.,* 81 S.W.3d 909, 915 (Tex. App.—Austin 2002, pet. denied)).

The Taxing Authorities' argument, however, fails as they misconstrue *Villareal*. As *Villareal* and other Texas cases make clear, a governmental agency using its taxing power to seize property *may* not be considered a taking. *See Rylander v. Palais Royal, Inc.,* 81 S.W.3d 909, 915 (Tex. App.—Austin 2002, pet. denied) (emphasis added). But, as in this case, if the government *improperly* uses its taxing power to take property for public use, a taking can occur. *See, e.g., Villarreal v. Harris Cnty.,* 226 S.W.3d 537, 544 (Tex. App.—2006) (emphasis added). Various Texas courts have recognized that takings action could be warranted when a taxing authority improperly uses its taxing powers. *See, e.g., Texas Workforce Corp'n v. Midfirst Bank*, 40 S.W.3d 690, 697 (Tex. App.—Austin 2001, pet. denied); *County of Burleson v. General Electric Capital Corp.,* 831 S.W.2d 54 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The reason for this distinction is that an improper use of its taxing power is not actually a use of taxing power at all, but rather a taking. *See Midfirst Bank*, 40 S.W.3d at 697.

6

In *General Electric*, the court recognized a takings action when a taxing authority illegally sold a mobile home in which a company had a security interest. *See Burleson v. Gen. Elec. Capital Corp.*, 831 S.W.2d 54, 57 (Tex. App.—Houston [14th Dist.] 1992, writ denied). In that case, a local taxing authority foreclosed on a debtor's mobile home to collect the deficient tax owed on the property. *Ibid.* at 57-58. In foreclosing on the mobile home, the taxing authority "acted contrary to the required procedures" for the foreclosure of the lien when it failed to provide notice to the holder of a perfected security interest. *Ibid.* The court expressly rejected the taxing authority's claim that this could not amount to a taking and held that the taxing authority's "actions have damaged [the company] and deprived it of a valuable property interest without due process or compensation." *Ibid.* at 59.

In this case, the Taxing Authorities seized property of one taxpayer—Jet Sales (Appellant, here) in satisfaction of delinquent taxes owed by another taxpayer—Sales West. The delinquent tax statement listed Sales West as the owner. *See* 3RR 185-86. Seizing property of one taxpayer to satisfy another's debt is an improper use of taxing powers.

**D.    Jet Sales properly demonstrated that the seizure was for public use.**

The Taxing Authorities' seizure of the aircraft was for public use. The Taxing Authorities seized the aircraft in satisfaction of delinquent property taxes of another

taxpayer in the county. In determining whether an act is for public use, Texas case law indicates that a governmental action that is accidental or negligent does not confer a benefit to the public. *City of Robinson v. Leuscher*, 636 S.W.3d 48, 57-58 (Tex. App.—Waco 2021, pet. filed) (citing *City of San Antonio v. Pollock*, 284 S.W.3d 809, 820 (Tex. 2009)). There must be a showing that the act was intentional. *Ibid.* "When damage is merely the accidental result of the government's act, there is no public benefit and the property cannot be said to be taken or damaged for public use." *City of Dallas v. Jennings*, 142 S.W.3d 310, 313 (Tex. 2004) (internal quotations and emphasis omitted).

In this case, the Taxing Authorities' actions were intentional as demonstrated by the tax warrant and physical seizure of the property. The Taxing Authorities intended to seize the property for payment of taxes, which undoubtedly benefit the public. It is undisputed that property taxes fund many public benefits including funding schools, roadways, and construction among other things. As such, Jet Sales pled a viable takings claim and should not have been dismissed on jurisdictional grounds.

**E.      Jet Sales had no adequate remedies in which to recover the aircraft.**

The Taxing Authorities allege that Jet Sales failed to avail itself of remedies to recover the aircraft and thus, there can be no taking. *See* AEE Brief at 20. This argument fails for two reasons. First, the remedies "available" to Jet Sales were not

8

adequate. Second, this argument was not presented in the Plea to the Jurisdiction or the accompanying hearing.

There are instances in which a governmental agency takes property, but through an adequate process for obtaining compensation and/or return of the property, there is no governmental taking. *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 236 (Tex. 2011). The Taxing Authorities cite to *VSC* as authority to demonstrate that Jet Sales should have availed itself of one of three remedies so that the property would have been returned and thus, no takings would have occurred. *See* AEE Brief at 20-26. In *VSC*, the Plaintiff had an adequate, legal avenue it could have pursued to regain possession of the vehicles. *Ibid.* at 249. The Court in *VSC* found that "[b]ecause VSC could seek possession or compensation through a remedial statutory scheme, it could not ignore that scheme in favor of initiating a constitutional takings suit." *Ibid.*

The Taxing Authorities, here, allege that Jet Sales had three avenues in which to recover the aircraft. *See* AEE Brief at 20-26. First, Jet Sales could have paid the taxes due under protest. *Ibid.* at 23-24. Second, Jet Sales could have delivered a cash or surety bond to the taxing unit's tax collector under Section 33.24 of the Texas Tax Code. *Ibid.* at 24-25. Third, Jet Sales could have posted a bond of $200,000 with the trial court until final resolution of the case. *Ibid.* at 25. Each option, however, is not an *adequate* remedy and each fails in turn.

Posting a bond and/or paying cash of $200,000 or higher to recover its seized property is not an adequate remedy for Jet Sales. In addition, option two under Section 33.24 of the Texas Tax Code, is not applicable here. Pursuant to Section 33.24, "a person may prevent seizure of property or sale of property seized by delivering to the collector a cash or surety bond conditioned on payment of the tax before delinquency." TEX. TAX CODE § 33.24. The alleged delinquent taxes dated back to 2017 thereby making the delinquency date years prior to the seizure. Although the Taxing Authorities state that the delinquency date can be pushed back under Sections 41.411, and 41.4115, and 41.44, none of those sections allow for the date to actually be pushed in this case. *See* AEE Brief at 25. The sections require a payment of the amount of taxes due on the property that is not in dispute before the delinquency date. *See* TEX. TAX CODE §§ 41.411, 41.4115, and 41.44. In this case, no payment had been made prior to the delinquency date as Jet Sales never received notice of taxes owed. Thus, Jet Sales had no recourse through these provisions of the Tax Code. Accordingly, requiring a Plaintiff to pay over $200,000 or more to recover property that was illegally seized cannot be an adequate remedy in which Plaintiff was required to avail itself.

In addition, this issue was not raised in the trial court whereby appellate court review is appropriate. Appellate court jurisdiction is limited to reviewing a plea to the jurisdiction as filed and heard and does not extend to grounds outside those actually raised. *See City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). Courts of appeals should not consider whether the trial court erred in denying a plea to the jurisdiction on a ground that was not argued before the trial court. *Ibid.* In addition, this argument was not presented as a basis for the Plea to the Jurisdiction. For both reasons, the Taxing Authorities' argument that Jet Sales did not avail itself of remedies and thus cannot claim a takings fails in its entirety.

## II. GOVERNMENTAL IMMUNITY DOES NOT SHEILD THE TAXING AUTHORITIES IN THIS CASE FROM ANY ULTRA VIRES ACTS.

### A. The Taxing Authorities' argument that the declaratory judgment action is moot was not properly raised at the trial court. In addition, Exhibit A to the Taxing Authorities' Response Brief is evidence not contained within the record and should not be admitted into this proceeding.

The Taxing Authorities allege for the first time that the declaratory judgment action is now moot. *See* AEE Brief at 25. As an initial matter, this issue was not brought before the trial court and is wholly outside the record. In addition, Appellee's Exhibit A is not included in the record and Jet Sales objects to its admission in its entirety. This Exhibit has not been authenticated, produced, or otherwise brought into evidence in any capacity. The purported date on the Exhibit

11

is December 12, 2022, over twelve (12) days after Jet Sales filed its Notice of Appeal in this case. As such any argument relating to mootness and/or reliance on Appellee's Exhibit A is outside the record and was not a consideration when determining jurisdiction at the trial court level.

Appellate court jurisdiction is limited to reviewing a plea to the jurisdiction as filed and heard and does not extend to grounds outside those actually raised. *See City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). Courts of appeals should not consider whether the trial court erred in denying a plea to the jurisdiction on a ground that was not argued before the trial court. *Ibid.* Accordingly any argument as to mootness or Appellee's Exhibit A is not a consideration for this Court.

**CONCLUSION AND PRAYER**

For the foregoing reasons, Jet Sales respectfully requests the Court reverse the trial court's October 27, 2021 Order granting the Taxing Authorities' Plea to the Jurisdiction and Motion to Dismiss and remand to the trial court for adjudication of Jet Sales' claims on the merits.

Respectfully submitted,

RYAN LAW FIRM, PLLC
13155 Noel Road, Suite 1850
Dallas, Texas 75240
Ph:    972.250.6363
Fax:   972.250.3599

*/s/ Brittany E. Dumas*
Brittany E. Dumas
Texas Bar No. 24101713
Brittany.Dumas@ryanlawyers.com

13

**CERTIFICATE OF COMPLIANCE**

1. This Brief complies with the type-volume limitation Tex. R. App. 9.4(i) because:

   • This brief contains <u>2,972 </u>words, excluding the parts of the Brief exempted by Tex. R. App. P. 9.4(i)(1) and (2)(B).

2. This Brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) and the type style requirements of Tex. R. App. P. 9.4(e) because:

   • This Brief has been prepared in a proportionally spaced format using Microsoft Word in 14 pt. Times New Roman.

*/s/ Brittany E. Dumas*
Brittany E. Dumas

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was filed electronically and was served on counsel for Appellee on January 23, 2023, pursuant to the Texas Rules of Appellate Procedure 9.5.

*/s/ Brittany E. Dumas*
Brittany E. Dumas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Bayer on behalf of Brittany Dumas
Bar No. 24101713
mary.bayer@ryanlawyers.com
Envelope ID: 72066890
Status as of 1/24/2023 1:35 PM MST

Associated Case Party: City of El Paso, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose Padilla | 24032811 | EP.Litigation@lgbs.com | 1/23/2023 9:47:52 PM | SENT |

Associated Case Party: Maria O. Pasillas, Tax Collector-Assessor for the City of El Paso

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose Padilla | 24032811 | EP.Litigation@lgbs.com | 1/23/2023 9:47:52 PM | SENT |

Associated Case Party: ATI Jet Sales, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brittany Dumas | | brittany.dumas@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Dallas OfficeFilings | | dallasofficefilings@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Evelin Martinez | | evelin.martinez@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Jeff Nanson | | jeff.nanson@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Mary Bayer | | mary.bayer@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Julian Jones | | julian.jones@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |
| Alexandra Cuestas | | Alexandra.Cuestas@ryanlawyers.com | 1/23/2023 9:47:52 PM | SENT |