**Edward A. and Norma KERR, Pattie Ackermann and Leda Krolczyk, Clifford Ahlhorn, Individually and as Administrator of the Estate of Margrete Ahlhorn, the Estate of Margrete Ahlhorn, Brent Weston and Karen Renee McDowell, David T. Adams, Thomas E. Alvarez, Gary M. and Mary E. Andrews, Paul C. Ardoin, Jr., Frances E. Averett, Robert H. Baird, Ronald L. and Wendy Barr, Donald H. and Cynthia L. Beck, Okie Beck, Douglas J. and Nancy K. Black, Carol Ann Blanton, Leroy and Mary Bollom, Stanley and Cathy Bordovsky, Lori Kraft Borque, Ken and Susan Bowman, Wendell W. and Lynn M. Breazeale, Michael R. and Diana L. Brinkmeyer, James R. and Patricia Brown, Mark A. and Leah Brumlow, Michael and Cynthia Buchanan, James and Terri Buckley, Roman F. and Cynthia A. Vest Bujnoch, David Carnes and Linda Ram-**

sey, William and Shirley Cannavino, Russell D. and Bonnie Lynn Carlson, Sam and Kim Carlton, James J. and Connie J. Cassens, James J. Christy, Carl W. and Susan Clark, Michael and Suzanne Claxton, Melodie Cooper, Gail Cortelyou, Susan D. Covington, Grady and Clois Crawford, Antonio and Nilda Cuellar, William P. and Sue E. Day, Susan Jane Deeslie, Maria T. De La Fuente and Judith A. Wood, Duane E. Degner, Jackie L. and Lillian L. Dillon, Karen Renee Dohman, Kevin and Elizabeth Domain, Cynthia J. Driskill, Marvin J. and Pamela A. Droddy, Keith and Holly Engle, Nickolas and Hughleene S. Erdely, Robert W. and Linda S. Erdman, Jr., Patsy A. Eubanks, Juan and Maria Eufracio, Mike Evans, Fairbanks Animal Clinic, Inc., Richard E. and Kimberly M. Faircloth, Douglas L. and Debra G. Fares, Donna Farrar, Gary and Karen Fleming, Gerardo and Cathy Flores, Brandon Fokken, Marlowe A. and Mary M. Fokken, David M. and Debbie Foyt, Phyllis J. Gamble, Shirley Galik, Armando and Lucia Garcia, Robert D. and Jovita Garcia, Stephen B. and Brenda Garney, Norman K. and Lynda Garrison, Paul D. and Stephanie K. Gerke, Timothy K. and Deborah K. Glavin, Horace Dean and Janice M. Golden, Mark and Jennifer Goodrum, Mike and Brenda Gorski, Roger D. and Deborah Greer, Lulene Gregg, Lance W. Gremillion, Sharon Gremillion, Joe E. Guzman, James L. Hall, Jr., Lynn Hanson, James B. and Laurie Haney, Jr., Michael D. and Kimberly Y. Haney, Terry D. Hargrave, Lonnie and Jo A. Harrison, Janice L. Hays, Richard A. and Betty J. Heathcott, Alice K. Hedstrom, Steven J. and Marie A. Henry, Steve and Darla Henry, Carol Hilmers, Carol Hohle as Administrator of the Estate of Hermine Luecke, the Estate of Hermine Luecke, Lonnie E. and Cheryl A. Hood, Daniel and Alison Horstman, Robert M. Hubbard, George E. and Catherine L. Johnson, Daniel and Pamella Jones, Paul and Deborah Juren, Steve N. and Christy Kalogeras, Glenda Keach, Mickey W. and Virginia Keeling, Eva Kelley, Titus L. and Donna Hoffman Kelley, Charlotte Susan Kerr, Ron and Susan King, David B. and Denise M. Kirby, Ramanath and Jayanthi Kongovi, Corine L. Konvicka, Lillian M. Krolczyk, Paul and Janis Kubeszka, Larry and Terri Kuta, Berthold G. and Michele Lakadosch, Lillian M. and George W. Lang II, Walter D. Latham Individually and as Administrator of the Estate of Linda D. Latham, John S. and Nancy L. Leatherman, Ronald P. and Lisa A. Lewandowski, Joe and Marjorie Lewis, Bartley A. and Karla K. Lewis, Patricia Perkins Lipinsky, Norman J. and Martha A. Locascio, Lowell R. and Judith A. Locke, Wayne D. and Allyson Lynn, Gary and Judith Lyon, Dennis and Deborah Mabe, Elizabeth Malek, Don P. Maniha, Frank J. and Madylene Marino, Barbara J. Matthews, Joe G. McCourt, Thomas F. and Denise C. McNeilly, Antonio and Guadalupe Medrano, Joe and Gloria Mejia, Daniel and Dorraine Meicher, Madeline Merriman, J.T. Mills, Phillip and Carol Mireles, Adolph and Theresa Mock, Damaso C. and Edith Mojica, David A. and Shirley Montgomery, Fermin and Maria Montoya, David N. Moore, Bobby B. and Vivian Morris, Agnes A. Murphree, Tho and Loan Ti Nguyen, Loi Van and Nhan K. Nguyen, Brad P. Nixon, David J. and Donnie B. Noll, David A. and Jennifer Nowak, Kenneth E. and Cecilia O'Bannion, Fred A. and Carolyn M. Gartman O'Bannion, Michael W. and

Diane O'Connor, Janice O'Keeffe, Michael L. and Gail L. Oakley, Sr., Louis and Joanna Orlando, Randall J. Parker, Richard and Patricia Parks, Peter B. and Patricia Pedersen, Ralph D. and Patricia A. Perez, Katherine F. Piccolo, Gerard Piccolo, Marshall J. and Mary L. Pientkà, Michael and Virginia Ploch, Janet L. Storey for the Estate of Barbara J. Prines, Paul S. Quin, Milagros Ramirez, Barbara J. Ready, Weldon and Norma Reed, Marc S. and Carol Rendall, James Louis Riggins, Bobby and Lisa Riggs, John L. and Gloria A. Riley, Larry and Janie Rockett, Joe E. and Juliet Rodriguez, Mario A. and Consuelo Rodriguez, Richard Rohm, Steve and Irene Jones Ruiz, Stephanie Rush, Glenda Sanchez, Jorge Sanchez, Randy and Cindy M. Sartain, Ralph J. Schad, Chris Schilling, Valerie Schmitt, Paul Schwarsch, James L. and Victoria R. Sherwin, George D. and Catherine A. Shutts, Ernest L. and May L. Simpson, Reginald A. and Debra Smith, Sharyn M. Smith, Shelly D. Smith, Troy and Cheryl Smith, Douglas and Lynn Snider, Danny J. and Charlotte J. Sralla, Dana G. and Margaret A. Strebeck, Kenneth H. and Deborah K. Tate, Wanda Lena' Temple, Janet Theck, Kathleen Theriault, David M. Thompson, David and Marcia Tijerina, Zachary W. Tolson, Sandra L. Turner, Bobby L. and Janet Underwood, Pamela Ann Van Oster, Galia Vargas, Betty Varner, Charles L. and Janet C. Vavricka, Vicki Vides, Orlando Vides, David and Gwyn Von Heeder, Lydia A. Walden, Bari L. Warnaar, Jerry and Sue Walton, Larry J. and Norma M. Washington, Ralph Weller, Ned B. and Connie Whitton, Geri Laine Tice Williams, Brian and Carolyn L. Williams, Thomas P. and Dorothy W. Williamson, Dane and Linda Wilson, Andrea R. Winter, Lloyd C. and Shelia D. Wood, Michael B. Wright Individually and as Administrator of the Estate of Cheryl Dale Wright, Wendell R. and Sheila Wyborny, Garry L. and Myriam L. Zalesky, Darrell D. and Angela R. Zwink, Appellants,

v.

HARRIS COUNTY; Harris County Flood Control District; Harris County Municipal Utility District Number 168, Harris County Municipal District Number 170, and Jones & Carter, Inc., Appellees.

No. 01–02–00158–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 2005.

James B. Blackburn, Richard Roberts Morrison, Blackburn Carter, P.C., Larry J. Doherty, Doherty "Long" Wagner, Houston, TX, Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, TX, for Appellants.

J. Mark Breeding, Andrews & Kurth, Cathy J. Sisk, Harris County Attorneys Office, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, HANKS, and BLAND.

### MEMORANDUM OPINION ON REHEARING

JANE BLAND, Justice.

Edward A. and Norma Kerr, together with approximately 360 other plaintiffs (collectively, "the Kerrs"), sued Harris County and the Harris County Flood Control District (collectively, the "Harris County entities"), two municipal utility districts ("the MUDs"), and an engineering firm ("Jones & Carter, Inc."), alleging that since 1984, their activities within the White Oak Bayou watershed have caused flooding of the watershed, resulting in damage to the plaintiffs' homes. The Kerrs assert-

ed inverse condemnation and nuisance claims against the Harris County entities and the MUDs, alleging in each claim that they had "taken" their property without adequate compensation. The Kerrs also asserted negligence claims against the engineering firm, Jones & Carter. The trial court granted the defendants' motions for summary judgment, and the Kerrs appealed.

## INVERSE CONDEMNATION AND NUISANCE CLAIMS AGAINST THE GOVERNMENTAL ENTITIES

On August 29, 2003, this Court issued an opinion reversing the trial court's summary judgment in favor of Harris County and the Harris County Flood Control District on the Kerrs' inverse condemnation and nuisance claims. In addition, we affirmed the summary judgment in favor of Jones & Carter and the MUDs. We remanded the claims against the Harris County entities to the trial court.

On rehearing, Harris County raised a contest to the trial court's jurisdiction. In order to examine the jurisdictional issue, we granted the motion for rehearing, withdrew our opinion and judgment of August 29, 2003, and requested additional briefing from the parties.

■ This Court recently held that exclusive jurisdiction in inverse condemnation claims is vested with the Harris County Civil Courts at Law, pursuant to section 25.1032(c) of the Government Code. *See City of Houston v. Boyle*, 148 S.W.3d 171, 177–79 (Tex.App.-Houston [1st Dist.] 2004, no pet.) In *Boyle*, this Court applied section 25.1032(c)[1] to a case involving claims of nuisance and inverse condemnation. *Id.* at 177–79.

> Because [plaintiff's] pleadings seek recovery premised on allegations that the City's alleged conduct—both nonnegligent nuisance and inverse condemnation—resulted in a taking of his property that entitled him to compensation, we conclude that exclusive jurisdiction over [plaintiff's] nonnegligent nuisance claim, as well as his inverse condemnation claim, is in the Harris County Civil Courts at Law pursuant to section 25.1032(c) of the Government Code.

*Id.* at 179; *see also EPGT Tex. Pipeline, L.P. v. Harris County Flood Control Dist.*, No. 01–02–01056–CV, 176 S.W.3d 330, 341–42, 2004 WL 1794715, at *9 (Tex.App.-Houston [1st Dist.] August 12, 2004, no pet.) (holding that exclusive jurisdiction for inverse condemnation claims lies with Harris County Civil Courts at Law).

Like the plaintiff in *Boyle*, plaintiffs here seek, by way of their inverse condemnation and nuisance claims, to recover compensation for the "taking" of their property.[2] We therefore hold that the trial court lacked subject-matter jurisdiction over the plaintiffs' inverse condemnation and nuisance claims against the Harris County entities and the MUDs, because

---

1. "A county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, regardless of the amount in controversy." TEX. GOV'T CODE ANN. § 25.1032(c) (Vernon 2004).

2. The plaintiffs' seventh amended petition alleges "that Defendants, HCFCD, the County, TxDOT, MUD 168, and MUD 170 have, *by virtue of the above-described conduct,* and *in*

*the exercise of their lawful authority,* caused a substantial interference with the use, enjoyment and/or occupancy of Plaintiffs' properties or property interests." (Emphasis added). As indicated by the italicized language in the quote above, the nuisance claims, like the inverse condemnation claims, are based on the same conduct alleged to constitute an inverse condemnation by the Harris County entities and the MUD's.

exclusive jurisdiction for those claims is vested in with the Harris County Civil Courts at Law.

Our jurisdiction over "the merits of a case extends no further than that of the court from which the appeal is taken." *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). If the trial court lacks jurisdiction, then the appellate court has jurisdiction only to vacate the judgment of the trial court and dismiss the cause. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Ward v. Malone,* 115 S.W.3d 267, 269 (Tex.App.-Corpus Christi 2003, pet. denied); *Dallas County Appraisal Dist.,* 887 S.W.2d at 468. We therefore vacate the judgment of the trial court as it relates to the inverse condemnation and nuisance claims against the Harris County entities and the MUDs, and dismiss the appeal of those claims for want of jurisdiction.

## NEGLIGENCE CLAIMS AGAINST THE ENGINEERING FIRM[3]

Plaintiffs also sued Jones & Carter, an engineering company involved in the development of Brookhollow subdivision, alleging that Jones & Carter "was negligent in failing to provide for adequate storm water detention/retention facilities or in some other manner [to] adequately mitigate the increased storm water runoff created in conjunction with their developments in the White Oak Bayou watershed upstream of Plaintiffs' properties." Jones & Carter moved for summary judgment based upon the statute of repose, which the trial court granted.

The statute of repose applicable to engineers provides as follows:

A person must bring suit for damages for a claim listed in Subsection (b) against a registered or licensed architect, engineer, interior designer, or landscape architect in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years *after the substantial completion of the improvement* or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.008(a) (Vernon 2002) (emphasis added). The purpose of the statute of repose is to protect those who design, install, or construct an improvement from facing "never-ending potential-liability based on that work." *Reames v. Hawthorne–Seving, Inc.,* 949 S.W.2d 758, 761 (Tex.App.-Dallas 1997, pet. denied). The statute of repose differs from traditional statutes of limitations in that the time period begins running when the improvement is substantially completed, rather then when the damage or injury occurs or is discovered. *Gordon v. W. Steel Co.,* 950 S.W.2d 743, 745–46 (Tex. App.-Corpus Christi 1997, pet. denied).

As summary judgment proof, Jones & Carter introduced the affidavit of J.R. Jones, an engineer for Jones & Carter, who testified that Brookhollow Corporation hired Jones & Carter in 1982 to assist in developing section five of a business park. In connection with the job, Jones & Carter prepared engineering drawings that led to the eventual construction of streets, waterlines, utility lines, sanitary

---

**3.** Plaintiffs' negligence claims against Jones & Carter are not based on the same conduct giving rise to the inverse condemnation and nuisance claims against the Harris County entities and the MUDs. As such, the trial court had jurisdiction over those claims and we address them on appeal.

sewer lines, drainage, and detention facilities in Brookhollow West, section five. Jones & Carter also designed and constructed a single street in Brookhollow West, section nine. In connection with these projects, Jones & Carter introduced Certificates of Substantial Completion, indicating that Jones & Carter completed the last of the projects on January 10, 1985, well over ten years before the Kerrs filed suit in this case.

Plaintiffs nonetheless contend a fact issue exists as to whether Jones & Carter substantially completed its work. Specifically, plaintiffs introduced evidence that, in 1998, Jones & Carter produced an estimate to Brookhollow Corporation about the cost of proposed improvements to a different section of Brookhollow West. Essentially, plaintiffs argue that as long as sections of Brookhollow West were yet to be developed, Jones & Carter's work was not substantially complete.

Such evidence is insufficient to raise a fact issue as to the statute of repose. Nothing in the record indicates that Jones & Carter was under a continuing obligation to perform work for Brookhollow Corporation, or that Brookhollow Corporation would choose to use Jones & Carter if it performed further improvements or development. Jones & Carter established that it substantially completed the work in the affected sections of Brookhollow West in 1985, and has not participated in the design or construction of any improvements in the area since that time. Accordingly, the trial court properly rendered summary judgment in favor of Jones & Carter.

### CONCLUSION

The trial court did not have jurisdiction to hear the plaintiffs' inverse condemnation and nuisance claims against the Harris County entities and the MUDs. We therefore vacate the trial court's summary judgment in favor of those entities and dismiss those claims for lack of jurisdiction. We affirm the summary judgment in favor of Jones & Carter.