

## NUMBER 13-13-00031-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI−EDINBURG

TERRANCE STEWART,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

### On appeal from the County Court at Law
### of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam**

Appellant, Terrance Stewart, proceeding pro se, attempts to appeal a conviction in municipal court for violating the City of Aransas Pass Code of Ordinances section 14-27, pertaining to weeds, rubbish, and junk, following a jury trial. We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

A complaint was filed against appellant in the municipal court of the City of Aransas Pass, San Patricio County, for violation of a city ordinance regarding nuisances.[1]  He was assessed a fine of $50.00 and costs of $122.00.  Proceeding pro se, he requested an appeal to the County Court at Law of San Patricio County.  *See* TEX. CRIM. PROC. CODE ANN. art. 45.042 (West 2006) (providing that appeals from a justice or municipal court shall be heard by the county court except in cases where the county court lacks jurisdiction).  In the County Court at Law, the State moved to dismiss the appeal and remand the case to the municipal court.  According to the State's motion to dismiss, the appellant "failed to timely post an appeal bond in the amount and form required by statute" and the "court from whose judgment and sentence the appeal was taken did not approve any amount of an appeal bond," therefore, appellant's "appeal was not perfected."  The State asserted that the county court lacked jurisdiction and requested remand to the municipal court for execution of sentence.  The county court dismissed the

---

1 *See* Aransas Pass, Tex., Ordinance §14-27 (1979), as codified in the City of Aransas Pass, Texas, Code of Ordinances, ch. 14, art. II.  This section, entitled "Rubbish, etc., accumulations; growth of weeds," provides:

(a) It shall be unlawful and constitute a nuisance for any person who shall own or occupy any lot, to allow weeds, grass, brush in excess of ten (10) inches in height upon any developed or final platted property or twenty-four (24) inches in height upon undeveloped property; rubbish; abandoned, junk or derelict personal property; or any other unsightly, objectionable or unsanitary matter, or vermin to accumulate or grow on such property or lot.

(b) It shall be the duty of the owner or occupant to keep the abutting or adjacent sidewalk, parkway, alleyway and gutter clean and free of all weeds, trash, rubbish, filth, debris and obstructions which may encumber such sidewalk, parkway, alleyway and gutter; and failure to comply with the requirement of this section shall be and is hereby declared to constitute a nuisance.

*Id.*

2

appeal and remanded the case to municipal court.

This appeal ensued. On January 24, 2013, the Clerk of this Court notified appellant that it appeared that there was no appealable order and the Court lacked jurisdiction over this cause. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. In apparent response to the Court's directive, appellant filed a "Motion to Reverse Conviction Due to Unconstitutional Ordinance."

## II. ANALYSIS

Although not raised by any party, we must notice, even sua sponte, the matter of our own jurisdiction over the merits of this appeal because jurisdiction is fundamental and cannot be ignored. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). In determining the scope of our jurisdiction over this proceeding, we begin with the premise that "[a] defendant's right to appeal is granted only by statute." *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2005). To the extent that a statute grants a right to appeal, "one hoping to invoke it must abide by the statutory requirements creating it." *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.).

The record reflects that appellant failed to file an appeal bond. The Texas Code of Criminal Procedure provides in pertinent part:

(a)     When the appeal bond has been filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected.

(b)     If an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence.

3

TEX. CODE CRIM. PROC. ANN. art. 45.0426 (West 2008). Appellant's failure to file his appeal bond within ten days deprived the county court of jurisdiction over the case that originated in municipal court. *See Tex. Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (concluding that the court of appeals lacked jurisdiction to consider appeal after county court dismissed appeal from municipal court for failure to pay appeal bond); *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (concluding that the court of appeals lacked jurisdiction to entertain appeal after county court dismissed appeal from municipal court for lack of jurisdiction).

Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. If the trial court did not have jurisdiction, then this Court could not acquire jurisdiction over the merits of the appeal. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App.—El Paso 2005, no pet.): *Kerr v. Harris County*, 177 S.W.3d 290, 295 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Johnson v. Ventling*, 132 S.W.3d 173, 179 (Tex. App.—Corpus Christi 2004, no pet.); *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); *see also Mizer v. State*, No. 02-12-00560-CR, 2013 Tex. App. LEXIS 2012, at **1–3 (Tex. App.—Fort Worth Feb. 28, 2013, no pet. h.) (not designated for publication); *Mayton v. State*, No. 07-01-0209-CR, 2002 Tex. App. LEXIS 396, at **2–4 (Tex. App.—Amarillo Jan. 17, 2002, pet. ref'd) (not designated for publication). In the instant case, neither the county court nor this Court acquired jurisdiction over appellant's appeal.

### III. Conclusion

The Court, having examined and fully considered the documents on file and the clerk's record, is of the opinion that it lacks jurisdiction over this appeal. Accordingly, appellant's motion to reverse his conviction is DENIED and this appeal is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.